1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | )   Case No. 10-16183 |
| | )   DCN: RHS-1 |
| SALMA H. AGHA, | ) |
| | ) |
|         Debtor. | )   USDC No. 1:17-cv-0389-DAD |
|   | ) |

**RECOMMENDATION FOR WITHDRAWAL OF THE REFERENCE
FOR THE ABOVE CAPTIONED CHAPTER 7 CASE No. 10-16183
28 U.S.C. § 157(d)
(Core Proceedings Bankruptcy Case)**

     The Clerk of the Bankruptcy Court shall transmit to the Hon. Lawrence J. O'Neill, Chief Judge of the Unites States District Court for the Eastern District of California, a copy of this Recommendation of Ronald H. Sargis, Chief Judge of the Bankruptcy Court for the Eastern District of California, for the Withdrawal of the Reference of the Above Captioned Bankruptcy Case.

**SUMMARY OF RECOMMENDATION FOR WITHDRAWAL
OF REFERENCE FOR CHAPTER 7 BANKRUPTCY CASE NO. 10-16183**

     The undersigned Chief Bankruptcy Judge makes this recommendation to the Chief Judge of the United States District Court for the Eastern District of California ("District Court") to withdraw the Chapter 7 bankruptcy case filed by Salma H. Agha, M.D. ("Debtor"), Bankr. E.D. Cal. No. 10-16183, ("Bankruptcy Case") which has been referred to this United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court") pursuant to 28 U.S.C. § 157(a). Though the bankruptcy case itself constitutes a "core proceeding" (11 U.S.C. § 157(b)), a review of the files in this Bankruptcy Case discloses that there are few, if any, proceedings relating to the prosecution of the bankruptcy case itself. Instead, all of the "proceedings" relate to claims asserted by Debtor

1    that her rights and interests were violated in the bankruptcy case.

2        Debtor received her Chapter 7 discharge in 2010, and the Chapter 7 case was first closed on

3    January 7, 2010.

4        In September 2012, the U.S. Trustee requested that the bankruptcy case be reopened and a

5    Chapter 7 trustee reappointed to administer what were asserted to be undisclosed assets of the

6    Debtor which continued to be property of the bankruptcy estate.  This issue was hotly contested,

7    with the bankruptcy judge ultimately determining that the assets had not been disclosed and were

8    property of the bankruptcy estate, and then authorized the sale of said assets by the Chapter 7

9    Trustee.

10        As addressed in the Discussion section of this Recommendation, Debtor has continued to

11    contest  the reopening of this case, the determination that there was undisclosed assets, and the sale

12    of those assets by the Chapter 7 Trustee.  Debtor's contest of the reopening of the Bankruptcy Case

13    and orders of the bankruptcy judges have not been by appeals, but indirectly through adversary

14    proceedings and other proceedings to have all orders in the Bankruptcy Case and adversary

15    proceedings vacated.

16        First, Debtor filed judicial complaints against, sought the disqualification of, and the removal

17    of the bankruptcy judges assigned the Bankruptcy Case.[1]  Second, Debtor has commenced three

18    separate adversary proceedings asserting misconduct by the U.S. Trustee, the bankruptcy judges,

19    attorneys, and various other persons.  The first adversary proceeding was dismissed by the

20    bankruptcy judge.  For the second and third adversary proceedings, the referral of those adversary

21    proceedings to the bankruptcy judges in this District were withdrawn by the District Court Chief

22    Judge pursuant to 28 U.S.C. § 157(d).  Third, Debtor has filed motions to vacate orders of the court

23    and to stay all proceedings in the Bankruptcy Case.

24        A review of the file in this Bankruptcy Case discloses that there are no "core" proceedings

25    being presented to the Bankruptcy Court.  There are no assets being administered and the Debtor

26    is not seeking any further relief under the Bankruptcy Code.  Rather, she is challenging the decisions

27

28        [1]  Judicial Council Order, Filed November 6, 2015, dismissing the complaints filed
against the two bankruptcy judges.  Ninth Cir. Nos. 13-90160 and 15-90077.

2

1   and conduct of the bankruptcy judges and the bankruptcy court process itself through the various

2   adversary proceedings.  In surveying the motions filed by Debtor since this case was reopened (the

3   first time on the motion of the U.S. Trustee and the second time on the motion of Debtor), the

4   motions seek to stay any proceedings in the Bankruptcy Case, reverse prior orders in the Bankruptcy

5   Case, and disqualify the bankruptcy judge from conducting any proceedings in the Bankruptcy Case.

6   Further Debtor has filed a Petition for Writ of Mandamus with the Ninth Circuit Court of Appeals,

7   requesting that the Ninth Circuit Court of Appeals order that everything done in the Bankruptcy

8   Case was void and transfer the case to another District.  Ninth Cir. No. 16-73883.  The Ninth Circuit

9   recently dismissed Debtor's Petition for Mandamus.

10          Because there are no "bankruptcy issues" being presented, there is no property of the estate

11  being administered, and the Debtor is seeking to stay any proceedings from being conducted in the

12  Bankruptcy Case, the undersigned concludes that there are no substantive "bankruptcy law matters"

13  to be adjudicated in the Bankruptcy Case.  Having the bankruptcy case sitting in the Bankruptcy

14  Court, with the adversary proceedings removed to the District Court and various appeals and

15  petitions filed with the Ninth Circuit Court of Appeals, the parties are currently spread over three

16  different levels of the federal judicial systems.  Further, given the nature of the motions filed in the

17  Bankruptcy Case, which overlap with the allegations in the adversary proceedings before the District

18  Court and the appeals and petitions to the Ninth Circuit, having three courts issuing decisions on the

19  overlapping issues unduly increases the risk of inconsistent rulings and the unnecessary duplicative

20  expenditure of judicial and party resources.

21          Therefore, the undersigned Chief Bankruptcy Judge recommends that the District Court

22  withdraw the Salma H. Agha Chapter 7 Bankruptcy Case, 10-16183, from this Bankruptcy Court

23  and assign the Chapter 7 Bankruptcy Case to a District Court Judge.  The undersigned further

24  recommends that it be assigned to a judge to whom has been assigned one of the adversary

25  proceedings.

26                      **DISCUSSION OF GROUNDS FOR RECOMMENDATION**

27          On May 30, 2010, Debtor commenced a voluntary Chapter 7 bankruptcy case in the Eastern

28  District of California (Bakersfield Division).  Debtor's counsel who filed and formerly prosecuted

3

1  the Chapter 7 case is William R. Cumming.  Debtor herself has been appearing in *pro se* in the

2  Chapter 7 case since October 1, 2014, when she began filing pleadings herself.

3      A motion for relief from the automatic stay was filed by Aurora Loan Servicing, LLC

4  relating to real property in Las Vegas, Nevada, which relief was granted.  July 20, 2010 filed Order,

5  Dckt. 30.  Debtor's First Meeting of Creditors was concluded on August 27, 2010.  August 30, 2010

6  Docket Entry Report by Chapter 7 Trustee.

7      In September 2010, two more motions for relief from the automatic stay were filed. Relief

8  was granted pursuant to one motion relating to real property located in Bakersfield, California (and

9  denied as moot as to the debtor, the discharge having been entered and the automatic stay terminated

10  as to Debtor by operation of law).  Order, Dckt. 65.  Relief was denied as to the second, the court

11  determining that  the vehicle that was the subject of the motion was leased by the Debtor, the lease

12  was not assumed, and the stay had terminated by operation of law.  Order, Dckt. 63.

13      On September 23, 2010, the bankruptcy discharge was entered for Debtor.

14      In October 2010, another motion for relief from the automatic stay was filed relating to

15  property in Las Vegas, Nevada.  Relief was granted pursuant to that motion for one of the motions

16  with respect to the rights of a creditor in another Las Vegas, Nevada Property as to the bankruptcy

17  estate (and denied as to the debtor, the automatic stay having terminated as to the Debtor by

18  operation of law with the entry of the discharge).  Order, Dckt. 65.

19      On January 7, 2011, the court closed the bankruptcy case.

20  **2012 Reopening of the Bankruptcy Case**

21      In September 2012, the U.S. Trustee filed a motion to reopen the bankruptcy case.   Dckt.

22  68. The case was reopened by order of the court filed on September 18, 2012. Dckt. 70.  A Chapter

23  7 trustee was reappointed and that Trustee then sought authorization from the court to sell what he

24  asserted were formerly undisclosed assets of the Debtor.  The Chapter 7 Trustee asserted that such

25  undisclosed assets continued to be property of the bankruptcy estate, notwithstanding the prior

26  closing of the Bankruptcy Case, and under the Trustee's control.  Highly contentious litigation

27  ensued, with the bankruptcy judge ultimately issuing an order determining that the assets were

28  property of the bankruptcy estate and authorizing the sale of the assets by the Chapter 7 Trustee.

4

1    Civil Minutes for  January 23, 2013 hearing, Dckt. 110; and Order, Dckt. 111.

2         Debtor  vigorously  opposed  the  Motion to Sell and has contested  the  validity of the

3    bankruptcy case being reopened.  On August 1, 2013, Debtor commenced Adversary Proceeding

4    No. 13-01086 asserting claims for violation of the automatic stay.  That Adversary Proceeding was

5    dismissed on February 19, 2015.  On December 5, 2015, Debtor, in *pro se*, filed a Motion to Reopen

6    the Adversary Proceeding.  That Motion was denied.  13-01086; Order, Dckt. 281.

7         On October 1, 2014, Debtor, in *pro se*, filed an *ex parte* Motion (the court having denied the

8    motion for order shortening time and no certificate of service filed) titled:

9                    MOTION [hand written]
                     DEBTOR'S NOTICE OF DOCKET
10                   FRAUD PERPETRATED BY US
                     TRUSTEE JEFFREY VETTER, HIS
11                   ATTORNEYS LISA HOLDER, KDG LAW
                     FIRM AND JUDGE FREDRICK
12                   CLEMENT WHO INTENTIONALLY,
                     FRAUDILENTLY [sic] AND REPEATEDLY
13                   ALTERED PLAINTIFF'S BANKRUPTCY
                     MATTER DOCKET BY
14                   1. CREATING A NEW CASE NUMBER
                     FOR FILINGS
15                   2. MISFILINGS UNDER THIS NEW
                     CASE NUMBER
16                   3. MISLABELING OF TRANSCRIPT
                     TITLES
17                   4. MISREPORTING OF TITLES ON
                     MOTIONS, FILINGS AND HEARINGS . . . .

18

19   Dckt. 126.   The court denied the *ex parte* Motion on November 4, 2014.  Dckt. 141.

20        On October 2, 2014, Debtor, in *pro se*, filed an *ex parte*  Motion titled:

21                   MOTION: DEBTOR'S REQUEST FOR
                     NOTICE REGARDING AMBUSHED
22                   FRAUDULENT HIRING OF
                     ATTORNEYS SEEKING REVENGE
23                   AGAINST DEBTOR ALLOWED BY
                     JUDGE CLEMENT ACTING UNDER
24                   COLOR OF OFFICIAL RIGHT TO
                     COMMIT GRAND THEFT FELONY
25                   OF STEALING DEBTOR'S
                     PROPERTIES . . . .

26

27   Dckt. 129.  The court denied the *ex parte* Motion on November 4, 2014.  Dckt. 138.

28        On December 31, 2014, Debtor, in *pro se*,  filed a Motion which she sought to have heard

5

1  on January 8, 2015, using the caption from Adversary Proceeding 13-01086, for Bankruptcy Court

2  Judge Richard Lee to disqualify himself in Debtor's bankruptcy case and Adversary Proceeding

3  13-01086.  Dckt. 144.  That Motion was denied on January 8, 2015.  Order, Dckt. 175.

4         On December 31, 2014, Debtor, in *pro se*, filed a second Motion in this Bankruptcy Case

5  (though identifying herself as "Plaintiff-Debtor," which would otherwise indicate an adversary

6  proceeding) titled:

7              PLAINTIFF-DEBTOR'S NOTICE OF
             MOTION AND MOTION TO
8            DISQUALIFY KLEIN DENATALE
             GOLDNER LAW FIRM FROM
9            REPRESENTING DEFENDANT
             TRUSTEE VETTER DUE TO
10           1. CONFLICT OF INTEREST AS
                PLAINTIFF-DEBTOR WAS THEIR
11              FORMER EMPLOYER AND
             2. THIS CURRENT EMPLOYMENT
12              WAS FRAUDULENTLY ALLOWED
                BY DEFENDANT JUDGE
13              CLEMENT . . . .

14  Motion, Dckt. 149.  On February 10, 2015, the court filed its order denying the Motion.  Dckt. 208.

15         On December 31, 2014, Debtor, in *pro se*, filed a third Motion, titled:

16            PLAINTIFF-DEBTOR'S NOTICE OF
             MOTION AND MOTION TO STOP
17           CONTINUOUS DOCKET FRAUD
             PERPETRATION BY DEFENDANTS
18           FRAUDULENTLY CHANGING
             BANKRUPTCY DOCKET 10-16183 BY
19           FILING UNDER A NEW CASE
             NUMBER 13-01086 TO
20           1. HIDE THEIR READILY APPARENT
                ILLEGAL BANKRUPTCY
21              REOPENIG [sic] FRAUD LACKING
                JURISDICTION AND
22           2. KEEP THE MAIN BANKRUPTCY
                DOCKET "CLEAN" OF ALL
23              INCRIMINATING FILINGS . . . .

24  Motion, Dckt. 156.  The court filed on February 10, 2015, its Order denying the Motion.  Dckt. 212.

25         On January 6, 2015, Debtor, in *pro se*, filed a Motion titled:

26            NOTICE OF MOTION AND
             MOTION RE: RESUBMISSION OF
27           DEBTOR-PLAINTIFF'S MOTION
             THAT WAS FRAUDULENTLY
28           MISFILED AND INTENTIONALLY

6

1
2
3

> KEPT HIDDEN FOR ONE MONTH
> TITLED: "REQUEST TO BRING
> LEGAL ACTION AGAINST
> TRUSTEE JEFFREY VETTER AND
> TRUSTEE'S COUNSEL. . . .

4   Motion, Dckt. 169.  On February 10, 2015, the court filed its order dropping the Motion from the

5   calendar, "on the grounds that Judge Frederick E. Clement's stay order entered in the main

6   case number 10-16183 on October 18, 2013 is still in effect."  Order, Dckt. 210.

7          On January 28, 2015, again using the adversary proceeding caption and listing Adversary

8   Proceedings Nos. 13-01086 and 14-01155, Debtor, in *pro se*, filed a Motion (with a stated hearing

9   date of February 5, 2015)  titled:

10
11
12
13
14
15

> PLAINTIFF-DEBTOR'S SECOND
> MOTION WITH MEMORANDUM OF
> POINTS AND AUTHORITIES RE:
> DEFENDANT JUDGE W. RICHARD
> LEE TO DISQUALIFY HIMSELF AS
> HE CANNOT BOTH BE A JUDGE
> AND DEFENDANT IN THE SAME
> CASE - BANKRUPTCY MATTERS
> OF SALMA H. AGHA AND ITS
> ADVERSARY PROCEEDINGS. . . .

16   Motion, Dckt. 192.  The court denied Debtor's motion to shorten time to have the Motion heard on

17   eight days notice.  Order, Dckt. 201.  Debtor did not set the Motion for a hearing.

18          On June 8, 2016, Debtor, in *pro se*, filed a Motion (using the adversary proceeding caption

19   and including Adversary Proceeding Nos. 13-01086 and 14-01155) titled:

20
21
22
23
24
25

> DEBTOR'S MOTION TO DECLARE
> ALL BANKRUPTCY PROCEEDINGS
> IN THIS CASE AND ITS RELATED
> ADVERSARY CASES SINCE
> SEPTEMBER 13 2012 NULL AND
> VOID DUE TO FRAUD UPON THE
> COURT PERPETRATED BY
> PRESIDING JUDGES AND TEIR [sic]
> FRIENDS, US TRUSTEE
> OFFICERS FROM REGIION [sic] 17
> AND INVOLVED ATTORNEYS. . . .

26   Motion, Dckt. 243.  On June 30, 2016, the court filed its Order denying the Motion.  Dckt. 256.

27          The Bankruptcy Case was then closed (for the second time) on September 14, 2016. Dckt.

28   260.

**Second Reopening of Bankruptcy Case**

On September 19, 2016, Debtor, in *pro se*, filed a Motion to Reopen the Bankruptcy Case. Motion, Dckt. 262. Pursuant to Debtor's Motion, the bankruptcy case was reopened on September 20, 2016. Order, Dckt. 263.

On September 19, 2016, Debtor, in *pro se*, filed an *ex parte* Motion (using the adversary proceeding caption and including Adversary Proceeding Nos. 13-01086 and 14-01155) titled:

> DEBTOR, SALMA AGHA-KHAN,
> M.D.'S MOTION WITH NOTICE OF
> MOTION FOR RELIEF FROM
> ORDER PURSUANT TO FRCP 60
> AND FRBP 9024 OR IN THE
> ALTERNATIVE MOTION TO
> REOPEN BANKRUPTCY
> PURSUANT TO FRBP 5010 . . . .

Motion, Dckt. 262. The relief requested in this Motion is that the prior order closing the bankruptcy case and the "final decree" be vacated. *Id.*, p. 13:5.5-7.5. The court filed its Order denying the *ex parte* Motion on October 18, 2016. Dckt. 266.

On October 7, 2016, Debtor, in *pro se*, filed a Motion (using the adversary proceeding caption and including Adversary Proceeding Nos. 13-01086 and 14-01155) titled:

> DEBTOR SALMA AGHA-KHAN,
> MD'S MOTION TO CONTINUE THE
> AUTOMATIC STAY UNTIL
> RESOLUTIO [sic] OF JUDICIAL
> MISCONDUCT COMPLAINTS . . . .

Motion, Dckt. 265. On October 18, 2016, the court filed its Order denying the Motion. Dckt. 268. As stated by the court in its Order,

> The automatic stay applicable to this case arose by operation of law under 11 U.S.C. § 362(a) upon the initial filing of the case on May 30, 2010. However, the automatic stay also terminated by operation of law on January 7, 2011, when the case was originally closed. 11 U.S.C. § 362(c)(2)(A). Since then, the case has been reopened twice. The automatic stay did not spring back or reappear when the case was first reopened at the request of the U.S. Trustee in September 2012. Neither did it reappear when the case was reopened at the Debtor's request on September 20, 2016 . . . Accordingly, there is no "automatic stay" to extend.

*Id.*, 1:13-23.

///

8

1   On January 10, 2017, Debtor, in *pro se*, filed a Motion (using the adversary proceeding

2   caption and including Adversary Proceeding Nos. 13-01086, 14-01155, 16-01107) titled:

3

4   PLAINTIFF-DEBTOR'S THIRD
    MOTION FOR DEFENDANT JUDGE
    RICHARD LEE TO DISQUALIFY

5   HIMSELF FROM THE ENTIRE
    BANKRUPTCY CASE 10-16183 OF

6   SALMA H. AGHA, AND ALL ITS
    RELATED ADVERSARY CASES,

7   PROCEEDINGS, MATTERS ETC. . . . .

8   Motion, Dckt. 272.  Debtor, in *pro se*, requested that this be heard either on shortened time or *ex*

9   *parte* (the Motion itself, Dckt. 272, seeking *ex parte* relief).  Dckt. 271.  The court's order denying

10  the Motion to shorten time or have the Motion (Dckt. 272) heard *ex parte* was filed on January 17,

11  2017.  Dckt. 274.  Debtor has not set the Motion (Dckt. 272) for noticed hearing.

12  On January 23, 2017, Debtor, in *pro se*, filed an *ex parte* Motion (using the adversary

13  proceeding caption and including Adversary Proceeding Nos. 13-01086, 14-01155, 16-01107) titled:

14  NOTICE OF MOTION AND
    MOTION BY DEBTOR-

15  PLAINTTIFF [sic]-APPELLANT TO STAY
    ALL BANKRUPTCY PROCEEDINGS

16  PURSUANT TO FRBP RULE 8007,
    FRAP RULE 8, FRCP 62, 28 USC

17  144 AND 28 USC 455;

18  Motion, Dckt. 276.   In the prayer, Debtor states that she requests the following relief:

19  "Debtor-Plaintiff-Appellant seeks a stay of the bankruptcy court, while Debtor-Plaintiff-Appellant's

20  Writ of Mandamus and Appeal is heard by the Ninth Circuit Court of Appeals."  *Id.*, p. 30:2-4.5.

21  The court's Order denying the *ex parte* Motion was filed on March 3, 2017.  Dckt. 278.  As stated

22  in the Order (Dckt. 278), the Ninth Circuit Court of Appeals denied the Petition for Mandamus and

23  closed the Ninth Circuit file.  *Agha v. Office of the U.S. Trustee, et al.*, Ninth Cir. No. 16-73883,

24  filed February 27, 2017.  On February 28, 2017, Debtor, in *pro se*, filed a "Notice of Appeal to the

25  United States Supreme Court."

26  ///

27  ///

28  ///

**Adversary Proceedings Filed and Prosecuted by
Debtor, In *Pro Se***

In addition to Adversary Proceeding 13-01086, Debtor has filed complaints in two additional adversary proceedings.  The District Court has withdrawn the reference for both of these two additional adversary proceedings.

**Adversary Proceeding 14-01155, Reference withdrawn
E.D. Cal. No. 1:15-cv-00042**

The second adversary proceeding commenced by Debtor, in *pro se*, is Adversary Proceeding 14-01155, filed on December 31, 2014.  The then-Chief Bankruptcy Judge filed on January 8, 2015, a Recommendation for Withdrawal of the Reference.  Adv. No. 14-01155, Dckt. 22.  The reference was withdrawn by the District Court by Order filed on January 16, 2015, and the Adversary Proceeding was transferred to the District Court and assigned Case No. 1:15-cv-00042 in that court.  The District Court judge issued orders dismissing all of the defendants (including the United States of America, U.S. Trustee, and two bankruptcy judges).  1:15-cv-00042; Orders, Dckts. 134, 140.

The Ninth Circuit Court of Appeals summarily affirmed the dismissal of the United States of America, the U.S. Trustee and Assistant U.S. Trustee, and the two bankruptcy judges by Order issued on November 16, 2016.  *Agha-Khan v. United States et al.*, Ninth Cir. No. 16-15164, Dckt. 46; also filed in E.D. Cal. No. 1:15-cv-00042, Dckt. 148.   The Ninth Circuit Docket shows that on January 30, 2017, Debtor filed a "Notice of Appeal to the United States Supreme Court." 16-15164, Dckt. 96.

**Adversary Proceeding 16-01107, Reference Withdrawn
E.D. Cal. No. 1:17-cv-00011**

The third adversary proceeding commenced by Debtor, in *pro se*, is Adversary Proceeding 16-01107, filed on December 15, 2016.   The undersigned Chief Bankruptcy Judge filed a Recommendation for Withdrawal of the Reference on January 4, 2017.  Adv. No. 16-01107, Dckt. 8.  The reference was withdrawn by the District Court by Order filed on February 24, 2017, and the Adversary Proceeding was transferred to the District Court and assigned Case No. 1:17-cv-00011 in that court.  That action is now pending before the U.S. District Court.

**Referral of Bankruptcy Cases to the Bankruptcy Judges**
**For the Eastern District of California**

Federal court jurisdiction for all bankruptcy cases arising under Title 11 of the United States Code and all matters arising in or relating to said bankruptcy cases is vested in the United States district courts. 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court may refer any or all cases under Title 11, and any or all proceedings arising in or related to any case under Title 11, to the bankruptcy judges in that district. All cases under Title 11, and all proceedings arising in or related to any case under Title 11, have been referred to the bankruptcy judges in the Eastern District of California. E.D. Cal. Gen. Orders Nos. 182, 223.

**Withdrawal of Bankruptcy Cases From**
**Bankruptcy Judges by the District Court**

Federal jurisdiction begins with the bankruptcy case itself (such as the Chapter 7 case that is the subject of this Recommendation) and then includes all of the non-core related matter proceedings that are connected to that bankruptcy case. 28 U.S.C. § 1334(a), (b). The bankruptcy case and all non-core related to proceedings are referred to the bankruptcy judges in the Eastern District of California.

Withdrawal of a reference is commonly seen in connection with a specific non-core adversary proceeding. The reference will be withdrawn when it is a non-core proceeding (whether motion or complaint) and the proposed findings and conclusions procedures enacted by Congress in 28 U.S.C. § 157(c) are not appropriate or practical.

However, the bankruptcy case itself, not merely the non-core related to proceedings, may be withdrawn by the District Court. In discussing factors considered by a district in deciding whether the reference of a proceeding or bankruptcy case should be withdrawn, the Second Circuit Court of Appeals stated:

> District courts in this circuit have considered a number of factors in evaluating cause: whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law. *See, e.g.*, *In re Kenai Corp.*, 136 Bankr. 59, 61 (S.D.N.Y. 1992) (factors include whether action is core or non-core and issues of "(1) judicial economy, (2) uniform bankruptcy administration, (3) reduction of forum shopping, (4) economical use of debtors'

11

1   and creditors['] resources, (5) expediting the bankruptcy process, and (6) the
2   presence of a jury demand"); *In re Century Brass Prods., Inc.*, No. 2:91-79, 1992
    U.S. Dist. LEXIS 1277, at *8 (D. Conn. Jan. 7, 1992) (promotion of uniformity in
3   bankruptcy administration, judicial economy, and the Bankruptcy Court's
    knowledge of the facts warranted denying motion to withdraw reference); *In re*
4   *Mountain View Coach Line, Inc.*, No. 88 Civ. 5385, 1989 U.S. Dist. LEXIS
    12698, at *2 (S.D.N.Y. Oct. 24, 1989) (court should consider whether matter is
5   core or non-core and issues of judicial economy); *In re Wedtech Corp.*, 94 Bankr.
    293, 296 (S.D.N.Y. 1988) (uniformity, forum shopping, efficiency, and jury trial
6   considerations all are relevant); *see also Holland America Ins. Co. v. Roy,* 777
    F.2d 992, 999 (5th Cir. 1985) ("The district court should consider the goals of
7   promoting uniformity in bankruptcy administration, reducing forum shopping
    and confusion, fostering the economical use of the debtors' and creditors'
8   resources, and expediting the bankruptcy process."); *1 Collier on Bankruptcy* P
    3.01[2][e], at 3-64.

9   *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101

10  (2nd Cir. 1993).  The decision does not turn only on whether it is a core or non-core proceeding.

11          More recently, the Ninth Circuit Court of Appeals considered the withdrawal of the

12  reference issue.  The court in *Canter Family Trust v. Canter et al. (In re Canter)*, 299 F.3d 1150,

13  1154  (9th Cir. 2002), stated:

14          We have considered the following factors in determining whether cause exists
        under § 157(d): "the efficient use of judicial resources, delay and costs to the
15      parties, uniformity of bankruptcy administration, the prevention of forum
        shopping, and other related factors." *Security Farms v. Int'l Bhd. of Teamsters,*
16      *Chauffeurs, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)
        (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

17

18  These basic criteria for withdrawing the reference have been followed subsequently in the Ninth

19  Circuit.  *See Vacation Vill., Inc. v. Clark County*, 497 F.3d 902, 914 (9th Cir. 2007).

20          As can be seen in connection with the present Bankruptcy Case, there are no "core"

21  proceedings being adjudicated.  Rather, the Bankruptcy Case exists for the prosecution of the

22  adversary proceedings and indirect attacks (vacate for "fraud" and Petition for Writ of

23  Mandamus) on the final orders issued in the Bankruptcy Case.  In ticking through the six factors

24  discussed in *Orion Pictures Corp.*, four of the six clearly weigh in favor of withdrawing the

25  reference for the Bankruptcy Case: (1) judicial economy, (3) reduction of forum shopping, (4)

26  economical use of debtors' and creditors' resources, and (5) expediting the bankruptcy process.

27  Rather than judges in three courts making rulings on the same contentions asserted by Debtor,

28  withdrawing the reference puts all of the decision-making in one District Court judge.

As for the other two factors, they are neutral.  As to the factor (2) uniform bankruptcy administration, there is no administration of the Bankruptcy Case taking place, only claims collaterally challenging prior orders being asserted.  To the extent that bankruptcy administration issues arise, the District Court judge can refer discrete proceedings or even the Bankruptcy Case itself to the bankruptcy judge.  As to factor (6), the presence of a jury demand, there is no and can be no demand for a jury trial on the core proceedings arising under the Bankruptcy Code.

Additional factors of forum shopping, judicial economy, and the bankruptcy court's knowledge of the facts relating to the issues presented, further support the withdrawal of the referral of the Bankruptcy Case by the District Court.  Debtor's use of the Bankruptcy Court, District Court, and Ninth Circuit Court of Appeals to simultaneously present the same issues and claims creates the appearance of forum shopping.  It is wasteful not only of the parties' time and resources (including the Debtor's), but also duplicative and unnecessary use of judicial resources.  As is shown by the issues presented, there is no special knowledge of facts or specialized knowledge of the law by a bankruptcy judge for the issues presented by Debtor.  In substance, Debtor's issues, claims, and complaints seek to have the final orders issued by the bankruptcy judges in the Bankruptcy Case reversed.  The remaining proceedings in the Bankruptcy Case itself should now be elevated to the next higher court – the District Court.

### Recommendation for Withdrawal of the Referral of Bankruptcy Case 10-16183 by the District Court

In making this recommendation, this bankruptcy judge does not express any opinion as to the merits of the complaints or motions filed by Debtor.  The recommendation, as discussed below, is based on the nature of the proceedings in this Bankruptcy Case.  As discussed in this Recommendation, there are no "proceedings" being prosecuted in the Chapter 7 bankruptcy case.  Such "normal proceedings" would include:

1.    The trustee taking possession of property of the bankruptcy estate and administering it;

2.    Property of the bankruptcy estate being abandoned to a debtor;

3.    The trustee or debtor filing objections to claims;

4.    The debtor seeking a determination of the value of a creditor's secured claim;

5.    The debtor avoiding a judicial lien to the extent that it impairs an exemption claimed in property;

6.    Trustee rejecting or assuming leases or executory contracts;

7.    Complaint filed by a creditor to have a debt determined nondischargeable;

8.    Complaint filed by trustee, U.S. Trustee, or creditor to have debtor denied a discharge;

9.    Complaint filed by trustee or debtor to determine the extent, validity, and extent of liens or interest in property of the estate being administered by the trustee or in which debtor has claimed an exemption; and

10.   The debtor filing a complaint to have the court determine that tax debt is dischargeable.

The "proceedings" in the Bankruptcy Case consist of efforts by Debtor to "reverse" what was previously ordered. Whether attacking them through adversary proceedings or contending that all the bankruptcy court proceedings are "null and void due to fraud," Debtor is not prosecuting any "bankruptcy law" or "bankruptcy case" issues.

In withdrawing the Chapter 7 Bankruptcy Case referred to the Bankruptcy Court, the District Court judge to whom it is assigned retains the power under 28 U.S.C. § 157(a) to refer discrete issues, specific proceedings, or the entire Bankruptcy Case to a bankruptcy judge. If the District Court judge determines that there are or will be the actual prosecution of bankruptcy issues in the Bankruptcy Case, the District Court judge can carefully refer what is appropriate, finely tuning the management of the Bankruptcy Case. Withdrawal of the reference for this Bankruptcy Case is not an all–or–nothing proposition.

Therefore, the undersigned Chief Judge of the Bankruptcy Court recommends that the referral of the Chapter 7 Bankruptcy Case file by Selma H. Agha, Bankr. E.D. Cal. 10-16183, be withdrawn, and that it be assigned to a District Court judge.

Dated: March 15, 2017

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

14

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*.  The Clerk of Court will send the document via the BNC or, if checked  _X_ , via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Hon. Lawrence J. O'Neill, Chief Judge<br>United States District Court,<br>Eastern District of California (Fresno Division) |
| Salma Agha-Kahn, M.D.<br>3751 Motor Ave., #34727<br>Los Angeles, CA 90034 | Hon. Dale A. Drozd<br>United States District Court,<br>Eastern District of California (Fresno Division) |
| Hon. W. Richard Lee<br>United States Bankruptcy Court<br>Eastern District of California (Fresno Division) | Hon. Anthony W. Ishii<br>United States District Court,<br>Eastern District of California (Fresno Division) |
| Hon. Fredrick E. Clement<br>United States Bankruptcy Court<br>Eastern District of California (Fresno Division) | Lisa Holder, Esq.<br>4550 California Ave 2nd Fl<br>Bakersfield, CA 93309-7012 |
| Connie M. Parker, Esq.<br>5260 N. Palm Ave., Ste. 201<br>Fresno, CA 93704-2217 | William R. Cumming, Esq.<br>3080 Bristol Street, #630<br>Costa Mesa, CA 92626-7322 |
| Jeffrey M. Vetter,<br>PO Box 2424<br>Bakersfield, CA 93303-2424 | Office of the U.S. Trustee,<br>United States Courthouse, 2500 Tulare Street, Room 1401<br>Fresno, CA 93721-1326 |

15