UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. AGHA,<br><br>　　　　　Debtor,<br><br>　　　v.<br><br>JEFFREY M. VETTER, OFFICE OF THE U.S. TRUSTEE, and AUGUST B. LANDIS,<br><br>　　　　　Trustees. | No. 1:17-cv-00389-DAD<br><br>ORDER WITHDRAWING REFERENCE AND DISMISSING CASE FOR FAILURE TO ABIDE BY COURT ORDER<br><br>(Doc. Nos. 2, 3) |

On August 1, 2017, the court ordered debtor to show cause by September 1, 2017 why the reference to the United States Bankruptcy Court should not be withdrawn for Case Number 10-16183, and why the action should not be transferred to this court and dismissed. (Doc. No. 2.)[1] The court specifically warned debtor that a failure to respond to the order to show cause would result in reference being withdrawn and the case being dismissed. (*Id.* at 2.) Debtor has not responded to the order to show cause. Reference of this matter to the bankruptcy court is withdrawn. 28 U.S.C. § 157(d).

Further, a district court has the inherent power to dismiss a case where a party has refused to comply with the court's orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Yourish v.*

---

[1] An amended order was issued on August 2, 2017. (Doc. No. 3.)

1

*California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In order to dismiss the case, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the public certainly has an interest in the expeditious resolution of this litigation, since the initial bankruptcy proceeding to which this dispute pertains began in 2010. (Doc. No. 1 at 3.) The court also has a clear need to manage its docket by dismissing cases that are not being pursued, as this court has one of the heaviest caseloads in the country. There is no risk of prejudice to any other parties here, and it appears that the underlying bankruptcy matter has already been disposed of on its merits. (*Id.* at 1–3.) Finally, the court is unaware of less drastic alternatives available to it when a party fails to timely respond to an order to show cause in which the party is specifically warning that such a failure will result in dismissal.

For these reasons, this case is hereby dismissed, and the Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **September 7, 2017**

UNITED STATES DISTRICT JUDGE